### GEORGE HUNT *vs.* INHABITANTS OF HANOVER.

An action on the Rev. Sts. *c.* 25, § 22, to recover damages of a town, for an injury caused by reason of a defect or want of repair in a highway, which the town is by law obliged to repair, is not an action respecting an easement on real estate, within the meaning of *St.* 1840, *c.* 87, § 1, and therefore cannot be originally commenced in the supreme judicial court.

In all cases in which an action is dismissed for want of jurisdiction in the court in which it is commenced, the defendant is entitled to a judgment for his costs.

THIS was an action on the Rev. Sts. *c.* 25, § 22, commenced in this court, to recover $400 damages, alleged to have been sustained by the plaintiff, in consequence of a defect in a high-way, which the defendants were by law obliged to repair

When the case came on for trial before *Hubbard*, J. the defendants moved that the action be dismissed, on the ground that the court had no jurisdiction, because neither the plaintiff, nor any one in his behalf, had, before the service of the writ, made oath or affirmation, before a justice of the peace, as required by *St.* 1840, *c.* 87, § 1, that the matter sought to be recovered actually exceeded in amount the sum of $300. The plaintiff resisted this motion, on the ground that, by said statute, this court has original and exclusive jurisdiction of " all actions respecting easements on real estate." But the judge ruled, that the remedy against towns for defects in ways, provided by the Rev. Sts. *c.* 25, was not within the purview of *St.* 1840, *c.* 87, § 1, and directed the action to be dismissed, subject to the opinion of the whole court.

*Coffin*, for the plaintiff, cited 2 Dane Ab. 715, and *Boston Water Power Co.* v. *Boston & Worcester Rail Road*, 16 Pick. 522, to show that this action respected an easement on real estate.

*Beal*, for the defendants, cited *Mower* v. *Inhabitants of Leicester*, 9 Mass. 247; *Stetson* v. *Faxon*, 19 Pick. 147; and *Atkins* v. *Bordman*, 2 Met. 457. He also moved for costs, if the ruling of the judge should be sustained, on the authority of *Cary* v. *Daniels*, and *Turner* v. *Blodgett*, 5 Met. 236, 240, *note.*

*Coffin* cited, as to costs, *Williams* v. *Blunt*, 2 Mass. 207; *Clark* v. *Rockwell*, 15 Mass. 221 ; and *Osgood* v. *Thurston*, 23 Pick. 110. The distinction is taken, in *Cary* v. *Daniels*, 5 Met. 240, between cases where the want of jurisdiction is manifest on the face of the writ, and where, as in the present case, the question of jurisdiction is a fair subject of discussion at the bar, and consideration by the court.

DEWEY, J. The plaintiff having omitted to make the oath prescribed by *St.* 1840, *c.* 87, § 1, and cause the same to be indorsed on his writ, this court has no jurisdiction of the cause

The counsel for the plaintiff suggests that the court may nevertheless take jurisdiction under the provisions of the statute giving them jurisdiction " in all actions respecting easements on

real estate." This ground is certainly novel, and as untenable as it is novel. The "actions respecting easements," referred to in the *St.* 1840, *c.* 87, are actions involving questions respecting those well known and familiar cases of rights or servitudes claimed in the lands of another. These were considered as so closely assimilated to questions of title in real estate, and so directly and necessarily involving questions of the same character, that the legislature deemed it proper that, concurrently with the exclusive jurisdiction of all real actions, this court should also have the like exclusive jurisdiction of "all actions respecting easements on real estate." This action must therefore be dismissed, for want of jurisdiction in this court to hear and determine the merits of the same.

But the principal question, presented for our consideration, is that as to costs in cases like the present. Can this court award costs to the defendants, to be paid by the plaintiff, when the action is dismissed for want of jurisdiction? The plaintiff's counsel contends that the power does not exist at all, or, if it exists, that it is not to be exercised in cases of plain and palpable want of jurisdiction, obvious on the face of the writ, but only in those cases where the jurisdiction is doubtful, and to be ascertained by minute and close examination, and perhaps requiring the aid of the bar and all the astuteness of the court to arrive at a satisfactory conclusion. Various cases have been cited from the decisions of this court, which seem to give some degree of sanction to this view of the question. There is, perhaps, some discrepancy in these decisions. It is certainly true that, in some of the cases, the court have held, that if a palpable want of jurisdiction be manifest on the face of the writ, they could not award costs to the defendant. Questions of allowance of costs are, as is well known, usually less fully discussed than the main questions arising in the cause. They are more usually moved at the close of the term, or at least after the decision of the main question, and are necessarily less deliberately considered than would be sometimes desirable. But since the enactment of *St.* 1840, *c.* 87, this question has been one of frequent occurrence, and of more practical importance; and this whole subject

has been repeatedly considered by us; and we are all satisfied as to the true rule to be applied in such cases. See *Jordan* v. *Dennis*, 7 Met. 591. The distinction, which has been sometimes suggested, that no costs are to be allowed in plain and obvious cases of want of jurisdiction, while such costs may be properly allowed where the question of jurisdiction is one of doubt and difficulty, is too shadowy and uncertain for a rule of practical application, and is also, as we think, unsound in principle. The court has no discretion as to awarding or withholding costs, in actions at law, except in those special cases provided by statute. No such provision has been made as to costs, in cases where an action is dismissed for want of jurisdiction. If costs are allowed at all, in such cases, it is under the general provision that costs shall be allowed to the prevailing party in actions at law. If they are refused, it is not because the court has any discretion to disallow costs, but because the court has not the power to allow costs, by reason of their having no jurisdiction of the cases and the parties. Now, whether this defect of jurisdiction be so palpable as to appear to the eye of the casual observer, or must be specially pointed out; whether it be of such a character that it will be apparent to the court upon the reading of the papers, or is only to be shown by the aid of a long and ingenious argument of learned counsel; whenever seen, and however known by the court — no matter by what process it comes to be seen and known — whenever the fact is established, that the court has no jurisdiction, the action is to be dismissed. The want of jurisdiction is fatal to t, and in all cases alike fatal.

If the want of jurisdiction deprives the court of the power to award costs to the defendant in one case, it does in all cases obnoxious to the like objection. It is the fact of want of jurisdiction that deprives the court of the authority to award costs, and not the difficulty or the facility with which the court arrive at the conclusion that the case is not within their jurisdiction.

We are therefore brought to the question, whether the want of that jurisdiction of the action which is necessary to hear and

determine it upon its merits, also operates to oust the court of authority to award the prevailing party his costs.

Now it is quite apparent, that in all actions made returnable to this court, or to the court of common pleas, the court to which the same are made returnable, has, for some purposes, a juris diction of the case. It must necessarily entertain jurisdiction so far as to hear and determine the question of jurisdiction gen- erally. The parties may appear for this purpose ; they are entitled to be heard, and may demand an adjudication. If the question arises in the court of common pleas, the same may be brought by exceptions to this court, or, if dismissed by a judge of this court, at a *nisi prius* term, may be reserved for the con- sideration of the whole court. The clerk of the court does not, of his own authority, dismiss an action for want of jurisdiction, but only through the instrumentality of the court, and upon their order. The action is therefore, upon its entry, pending in court. As already remarked, the parties may appear ; the plain- tiff to insist upon his right to have the action maintained ; the defendant, to urge his motion to dismiss the same ; and the court must adjudge in the matter. There are, therefore, two adverse parties present, and when the result is that the motion of the defendant to dismiss the action prevails, the defendant is the prevailing party, and, as such, is entitled to judgment for his costs. Such will be the rule in all cases of actions at law, when an original action is dismissed for want of jurisdiction. This rule will be a plain and obvious one in its application, and, as we think, conformable to the statute regulating costs, as well as entirely reasonable and proper in itself.